On January 24, 2019, the Court heard oral argument on the application for leave to appeal the December 27, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the defendant's
 convictions and sentences, and REMAND this case to the Wayne Circuit Court for a new trial.
 

 In 2015, the defendant was convicted of assault with intent to commit murder, MCL 750.83, assault with a dangerous weapon, MCL 750.82(1), intentionally discharging a firearm from a motor vehicle, MCL 750.234a(1), and possession of a firearm during the commission of a felony, MCL 750.227b(1). The defendant filed a direct appeal and moved to supplement it when he discovered a new witness with exculpatory evidence. The Court of Appeals remanded to the trial court for an evidentiary hearing on the defendant's claims relating to the new evidence.
 

 The trial court denied the defendant's motion for a new trial, holding that as a matter of law-because the eyewitness had a criminal history-his testimony could not make the probability of a different result likely on retrial. The court did not otherwise evaluate the effect the witness's testimony would have had on the result. In an unpublished per curiam opinion, issued December 27, 2016 (Docket No. 328532), the Court of Appeals affirmed the defendant's conviction but remanded the case to the trial court to review his sentences under
 
 People v. Lockridge
 
 ,
 
 498 Mich. 358
 
 ,
 
 870 N.W.2d 502
 
 (2015).
 

 A new trial should be granted on the basis of newly discovered evidence when a defendant shows: "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial."
 
 People v. Cress
 
 ,
 
 468 Mich. 678
 
 , 692,
 
 664 N.W.2d 174
 
 (2003) (quotation marks and citation omitted). The parties agree that the defendant met the first three elements. Only the fourth, prejudice, is in dispute.
 

 The prosecution's case centered on the believability of the victim. The victim testified that a person with long dreadlocks driving a red Mercury Mountaineer shot five or six bullets at him before driving away. He identified the defendant-who had the described hairstyle-in a photo lineup. But the jury also heard that the victim had a criminal conviction involving theft and that he admitted to lying to a physical therapist about his injuries and again under oath at the defendant's preliminary hearing about his middle name.
 

 At the posttrial evidentiary hearing, the newly discovered witness testified that on the day of the shooting, he was in the neighborhood for an unrelated encounter. He was never a suspect in the crime and had no connection to either the defendant or the victim. The defendant found this witness after his mother learned from a family friend at a funeral that he may have witnessed the shooting and hired a private investigator to locate him based only on his social media alias. This witness's account differed from the victim's considerably. He saw no red vehicle; instead, he testified that the shooter, whose hairstyle was short, with brush waves in a circular pattern, approached the victim on foot from in between two houses, fired at least three shots, and ran back in the same direction he came from after the victim fell to the ground.
 

 The eyewitness's testimony plainly undermined the prosecution's evidence. But the trial court did not evaluate that question, instead holding that the witness's criminal history made him not credible as a general matter. The Court of Appeals majority affirmed but with additional reasoning-that the witness would not have been believed due to his criminal history and the fact that his version of the shooting
 differed from the victim's. Alternatively, the majority believed that the witness would not be believable due to his distrust of the criminal justice system.
 

 This is an unusual case because the trial court did not make findings of fact that are owed deference. Its holding that the witness is not credible solely as a result of his criminal conviction was erroneous. And we disagree with the Court of Appeals majority's analysis that the new testimony did not make a different result probable on retrial. The prosecution's evidence was not overwhelming, and the new witness's testimony would have undermined that evidence significantly. Notwithstanding his criminal record, this disinterested witness's detailed account makes a different result probable on retrial.